AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

Edward Ragusa

**Judge Pauley**

**SUMMONS IN A CIVIL CASE**

V.

United Parcel Service, Inc.

CASE NUMBER:

**05 CV 6187**

TO: (Name and address of defendant)

United Parcel Service, Inc.
180 Canal Place
Bronx, NY 10451

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kathleen Peratis, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212)-245-1000

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

Jessica Doss
(BY) DEPUTY CLERK

JUL 0 1 2005
DATE

JS 44C/SDNY
REV. 12/2005

*Judge Pauley*

CIVIL COVER SHEET   **05 CV 6187**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Edward Ragusa

**DEFENDANTS**
United Parcel Service, Inc.

JUL 0 1 2005

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Kathleen Peratis, Outten & Golden LLP
3 Park Ave., 29th Fl., New York, NY  10016; 212-245-1000

**ATTORNEYS (IF KNOWN)**

RECEIVED JUL 0 1 2005 U.S.D.C. S.D.N.Y. CASHIERS

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Title I of the Americans with Disabilities Act, 42 U.S.C.§ 12203, et seq.

Has this or a similar case been previously filed in SDNY at any time?  No [x]   Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]   Dismissed.  No [ ]   Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                     NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER_____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. |
|---|---|---|
| ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY | (28 USC 1332, 1441) |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Edward Ragusa
6148 81st Street
Middle Village, NY 11379
County: Queens

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

United Parcel Service, Inc.
180 Canal Place
Bronx, NY 10451
County: Bronx

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS   ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 7/1/05   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
[signature]
[ ] NO
[x] YES (DATE ADMITTED Mo. Jan. Yr. 1980)
RECEIPT #   Attorney Bar Code # KP2118

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**OUTTEN & GOLDEN LLP**
Kathleen Peratis (KP 2118)
Mark R. Humowiecki (MH 4368)
Attorneys for Plaintiff
3 Park Avenue
New York, NY 10016
(212) 245-1000
Fax: (212) 977-4005

RECEIVED
JUL 01 2005
U.S.D.C. S.D.N.Y.
CASHIERS

Judge Pauley

05 CV 6187

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD RAGUSA,

    Plaintiff,

-against-

UNITED PARCEL SERVICE,

    Defendant.

CIVIL ACTION NO.:

COMPLAINT

JURY TRIAL DEMANDED

---

Plaintiff, by and through his attorneys, Outten & Golden LLP, alleges and states as follows:

## PRELIMINARY STATEMENT

1. The plaintiff, Edward Ragusa, brings this action to recover damages caused by the defendant's violations of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203, et seq., the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 et seq. ("NYCHRL").

2. Mr. Ragusa, a thirty-year employee of defendant, became disabled as a result of an injury to his back that occurred on the job in March 2001. Mr. Ragusa was disabled under the ADA and UPS regarded Ragusa as disabled under the ADA. However, UPS refused to grant him a reasonable accommodation and also refused to

engage in the interactive process required by the ADA to determine a reasonable accommodation. Instead, UPS told Mr. Ragusa that he would be terminated if he was not fully recovered within a year, assigning him to temporary positions in the meantime, and then terminated him, although appropriate jobs and accommodations were then and there available.

3. UPS imposed upon Mr. Ragusa a short-term disability leave in April 2002, which had the purpose and effect of depriving Mr. Ragusa of eligibility for an additional period of pay under UPS's Income Protection Program.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 1343. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) as this action arose, in substantial part, within the Southern District of New York, where the unlawful employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

## CONDITIONS PRECEDENT

6. The plaintiff timely filed charges of disability discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On or about September 30, 2004, the EEOC issued a Determination in which it found that there was reasonable cause to believe that UPS had violated Mr. Ragusa's rights under the ADA in that it had discriminated against Mr. Ragusa because

of his disability. That Determination is attached hereto as Exhibit A and is incorporated by reference.

8.  The EEOC duly issued to the plaintiff a Notice of Right To Sue. This complaint has been filed within 90 days of the receipt of that notice by Mr. Ragusa. Mr. Ragusa has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

9.  Contemporaneously with the filing of this Complaint, Ragusa has mailed a copy to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

## PARTIES

10. Plaintiff Edward Ragusa is an individual who currently resides in the County of Queens, State of New York. He is an individual with a "disability" within the meaning of the ADA, the NYSHRL, and the NYCHRL, and, until his termination, was an "employee," as defined by the relevant statutes.

11. Defendant UPS is a Delaware corporation with corporate headquarters located in Atlanta, Georgia. UPS maintains offices and does business in New York City. The defendant is an "employer" as defined by Title I of the ADA, the NYSHRL and the NYCHRL.

## FACTUAL ALLEGATIONS

12. Mr. Ragusa began working for the defendant in 1972. From late 1972 until his discharge on April 15, 2002, he held supervisory positions with defendant.

13.     In March 2001, Mr. Ragusa, while working as a Local Sort Supervisor, suffered an injury to his back as a result of lifting a heavy object. As a result of his injury, Mr. Ragusa went to see Dr. Ciuffo, who recommended that he be assigned light duty work in an office setting as an accommodation of his disability. UPS refused to assign him to light duty work and instead assigned him to work his normal position.

14.     Two weeks after Mr. Ragusa returned to work, Dr. Ciuffo ordered Mr. Ragusa to be out of work for approximately two weeks because he had not been assigned light duty and due to further exacerbation of the injury could not report to work.

15.     Upon returning to work after the two week medical leave of absence, Mr. Ragusa returned to his normal job and continued to perform his regular duties while trying to avoid lifting, walking extensively, and standing for long periods of time. Nevertheless, Mr. Ragusa was required to stand, walk, and lift packages. UPS ignored Mr. Ragusa and Dr. Ciuffo's requests for an accommodation and the work restrictions ordered by Dr. Ciuffo. Mr. Ragusa's continued work further exacerbated his back injury.

16.     In August 2001, Dr. Ciuffo informed UPS that UPS was not adhering to the restrictions he recommended and further stated that Mr. Ragusa needed to be assigned to an office job. UPS continued to refuse to provide him an office job, so Dr. Ciuffo ordered Mr. Ragusa to go out on a medical leave from August 8 to October 30, 2001.

17.     As a result of Dr. Ciuffo's recommendation, defendant's Human Resources Manager, Lamar Stockton, held a meeting with Mr. Ragusa in August 2001. At that time, Mr. Stockton told Mr. Ragusa that if he was unable to perform all of his job duties without restrictions by March 15, 2002, he would be terminated. Mr. Stockman

told Mr. Ragusa that he was not going to set a precedent for him – or anyone else – by providing an accommodation when someone gets injured on job.

18. When Mr. Ragusa returned from medical leave, he was temporarily assigned to work as a Compliance Specialist, which did not involve heavy lifting.

19. On February 27, 2002, Mr. Ragusa's physician informed UPS that Mr. Ragusa could return to work as of March 4, 2002 with a restriction of no heavy or repetitive lifting.

20. On or about March 11, 2002, UPS assigned Mr. Ragusa to a job that required heavy and repetitive lifting, called "Pre-Load Supervisor."

21. On or about March 12, 2002, Mr. Ragusa asked David Goldstein that he be assigned to an office job the involved light duty as an accommodation of his disability. UPS contacted Mr. Ragusa's surgeon for more information related to his disability. Dr. Nadrowski advised UPS that Mr. Ragusa could not engage in lifting, pushing or pulling and that he could perform an office job.

22. UPS required Mr. Ragusa to remain in the Pre-Load Supervisor position and purported to modify the job in response to Mr. Ragusa'a medical restrictions. This purported modification was ineffective and did not constitute a good faith accommodation. Frank Caminero, Mr. Ragusa's manager, told him in sum or substance: "I don't know why they put you here with your disability."

23. Bobby Guinnen, another UPS supervisor, told Mr. Ragusa in sum or substance: "Why don't you retire? You're too old to work here."

24. On April 11, 2002, Michael Ridolfi, Workforce Planning Manager for UPS's Metro New York District, notified Mr. Ragusa in writing that UPS had

preliminarily determined that he was disabled within the meaning of the ADA, that he was entitled to an accommodation, and that he was to meet with Lamar Stockman to discuss the specific accommodation on April 15, 2002.

25. During the April 15, 2002 meeting, Mr. Stockton offered Mr. Ragusa four open positions, none of which accommodated his disability, and each of which would have paid approximately one-quarter his current earnings. Therefore, Mr. Ragusa could not agree to accept any of them. Three of the jobs were part-time and required the same type of physical demands that he could not perform because of his disability. The fourth job was a low-level clerical job.

26. Neither UPS nor Mr. Stockton offered Mr. Ragusa any of the supervisory positions that were available for which Mr. Ragusa was qualified. These positions include Compliance Supervisor, Preferred Customer Associate Supervisor, and Industrial Engineering Management. Because of his long history with UPS, Mr. Ragusa was also capable of performing a variety of jobs in human resources, loss prevention and business development. Some jobs in these departments were available but were not posted. It is common practice for UPS to reassign an employee to work in a new position without there being an open position posted.

27. UPS and Mr. Stockton did not engage in a good faith interactive process and failed to identify and offer Mr. Ragusa an appropriate job, such as another supervisory position at UPS, either within the Metro New York District or in another district. Instead, UPS terminated Mr. Ragusa and stated that his medical condition was the reason for his termination.

28. Defendant provides short-term disability insurance benefits through its Income Protection Plan (IPP). Under the IPP, a management employee is entitled to receive up to one full year of benefits at 100% of the employee's base income. The employee becomes entitled to an additional period of eligibility only after the employee returns to work for a full 30 days without any limitations.

29. In early April 2002, Mr. Ragusa developed a rash. On or about April 4, 2002, Dr. Katz asked UPS to temporarily assign Mr. Ragusa to a location other than the warehouse. Instead, UPS required Mr. Ragusa to take a week long leave of absence, from April 8 to 12, 2002, which had the purpose and effect of preventing him from working for thirty days without restriction and thereby renewing his eligibility for the UPS Income Protection Program.

30. Defendant denied Mr. Ragusa additional coverage under its IPP in April 2002 because he had not been able to resume his full responsibilities without any restrictions for thirty days. Mr. Ragusa did not exhaust his one year of IPP benefits prior to his termination on April 15, 2002.

31. Mr. Ragusa was an "individual with a disability," as defined by the ADA, because he was substantially limited in his ability to perform major life activities including, but not limited to, working, performing manual tasks, bending, lifting, cooking, bathing, participating in sports, gardening, walking, engaging in sexual activities, mowing the lawn, and dressing himself.

32. UPS regarded Mr. Ragusa as disabled in that it regarded him as substantially limited in his ability to perform major life activities including but not limited to working, performing manual tasks, bending, and lifting.

33. UPS regarded Mr. Ragusa as being disabled in that it regarded him as unable to perform a broad class of jobs including any job that involves physical activity, the potential for any heavy or repetitive lifting, standing for extended periods of time, or regular typing.

34. UPS regarded Mr. Ragusa as being substantially limited in his ability to perform manual tasks.

## FIRST COUNT

### Failure to Reasonably Accommodate in Violation of the Americans with Disabilities Act
### 42 U.S.C. §§ 12203, et seq.

35. Mr. Ragusa incorporates the preceding paragraphs by reference.

36. Mr. Ragusa's medical conditions as described in this Complaint constituted a disability within the meaning of the ADA. 42 U.S.C. §12101(2).

37. The ADA prohibits discrimination based on disability and defines discrimination as including failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." 42 U.S.C. §§ 12112(a), 12112 (b)(5).

38. UPS violated Title I of the Americans with Disabilities Act by failing to accommodate Mr. Ragusa's known physical limitations brought on by his disability.

39. Mr. Ragusa suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## SECOND COUNT

### Discriminatory Termination Based on Disability in Violation of the Americans with Disabilities Act

<strong>42 U.S.C. §§ 12203, et seq.</strong>

40. Mr. Ragusa incorporates the preceding paragraphs by reference.

41. Mr. Ragusa's medical conditions as described in this Complaint constituted a disability within the meaning of the ADA. 42 U.S.C. §12101(2).

42. UPS violated Title I of the Americans with Disabilities Act when it discriminatorily terminated Mr. Ragusa's employment because of his known disability. 42 U.S.C. 12112(a).

43. Mr. Ragusa suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

### THIRD COUNT

**Discriminatory Termination Based on Perceived Disability in Violation of the Americans with Disabilities Act**
**42 U.S.C. §§ 12203, et seq.**

44. Mr. Ragusa incorporates the preceding paragraphs by reference.

45. UPS regarded Mr. Ragusa as suffering from a physical impairment that substantially limits one or more major life activities.

46. UPS violated the Americans with Disabilities Act when it discriminatorily terminated Mr. Ragusa's employment because it regarded him as having a disability. 42 U.S.C. §§ 12101(2) and 12112(a).

47. UPS violated the Americans with Disabilities Act when it refused to provide Mr. Ragusa a reasonable accommodation despite its perception that he was an "individual with a disability."

48. Mr. Ragusa suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## FOURTH COUNT

### Failure to Reasonably Accommodate in Violation of the New York State Human Rights Law
### N.Y. Exec. L. §§ 290 et seq.

49. Mr. Ragusa incorporates the preceding paragraphs by reference.

50. Mr. Ragusa's medical conditions as described in this Complaint constitute a disability within the meaning of the New York State Human Rights Law, N.Y. Exec. L. § 292(21).

51. The New York State Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer ... to refuse to provide reasonable accommodations to the known disabilities of an employee." N.Y. Exec. L. § 296(3)(a).

52. UPS violated the New York State Human Rights Law, N.Y. Exec. L. § 296, by failing to accommodate Mr. Ragusa's known disability.

53. Mr. Ragusa suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, and past and future physical and emotional distress.

## FIFTH COUNT

### Discriminatory Termination Based on Disability in Violation of the New York State Human Rights Law
### N.Y. Exec. L. §§ 290 et seq.

54. Mr. Ragusa incorporates the preceding paragraphs by reference.

55. Mr. Ragusa's medical conditions as described in this Complaint constituted a disability within the meaning of the New York State Human Rights Law. N.Y. Exec. L. § 292(21).

56. UPS violated the New York State Human Rights Law when it terminated Mr. Ragusa's employment because of his known disability. N.Y. Exec. L. § 296.

57. Mr. Ragusa suffered damages as a result of UPS's unlawful act, including past and future lost wages and benefits, and past and future physical and emotional distress.

## SIXTH COUNT

**Discriminatory Termination Based on Perceived Disability in Violation of the New York State Human Rights Law
N.Y. Exec. L. §§ 290 et seq.**

58. Mr. Ragusa incorporates the preceding paragraphs by reference.

59. UPS regarded Mr. Ragusa as suffering from a physical impairment that prevented the exercise of normal bodily functions.

60. UPS violated the New York State Human Rights Law when it terminated Mr. Ragusa's employment because it regarded him as disabled. N.Y. Exec. L. §§ 292(21)(c) and 296(1)(a).

61. Mr. Ragusa suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, and past and future physical and emotional distress.

## SEVENTH COUNT

**Failure to Reasonably Accommodate in Violation of the
New York City Human Rights Law
N.Y. City Admin. Code §§ 8-101 et seq.**

62. Mr. Ragusa incorporates the preceding paragraphs by reference.

63. Mr. Ragusa's medical conditions as described in this Complaint constitute a disability within the meaning of the New York City Human Rights Law. N.Y.C. Admin. Code § 8-102(16).

64. The New York City Human Rights Law requires employers to "make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job." N.Y.C. Admin. Code § 8-107(14)(a).

65. UPS violated the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, by failing to accommodate Mr. Ragusa's known disability.

66. Mr. Ragusa has suffered damages as a result of UPS's unlawful act, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

### EIGHTH COUNT

**Discriminatory Termination Based on Disability in Violation of the
New York City Human Rights Law
N.Y. City Admin. Code §§ 8-101 et seq.**

67. Mr. Ragusa incorporates the preceding paragraphs by reference.

68. Mr. Ragusa's medical conditions as described in this Complaint constitute a disability within the meaning of the New York City Human Rights Law. N.Y.C. Admin. Code § 8-102(16).

69. The New York City Human Rights Law prohibits the discharge of an employee based on an employee's actual or perceived disability. N.Y.C. Admin. Code § 8-107.

70. UPS violated the New York City Human Rights Law by terminating Mr. Ragusa because of his known disability or perceived disability. N.Y.C. Admin. Code § 8-107.

71. Mr. Ragusa has suffered damages as a result of UPS's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court:

1. Accept jurisdiction over this matter;

2. Order the defendant to compensate the plaintiff for his past and future loss of wages and benefits, plus interest;

3. Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

4. Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for punitive damages;

5. Reinstate the plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

6. Award to the plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

7. Grant such additional or alternative relief as may appear to this Court to be just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: New York, New York
       July 1, 2005

                                    Respectfully submitted,

                                    OUTTEN & GOLDEN LLP

                                    By: _____
                                    Kathleen Peratis (KP 2118)
                                    Mark R. Humowiecki (MH 4368)
                                    Attorneys for the Plaintiff
                                    3 Park Avenue
                                    New York, NY 10016
                                    (212) 245-1000
                                    Fax: (212) 977-4005